IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LORI ANN HURLIMAN,            )
                              )
            Plaintiff,        )
                              )
    v.                        )
                              )  Civil Action No. 09-94J
MICHAEL J. ASTRUE,            )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
            Defendant.        )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 28th day of June, 2010, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 20) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 18) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently.  Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).  Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity.  Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991).  These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her application for DIB on April 28, 2005, alleging disability beginning December 23, 2003, due to a left ankle injury, polycystic kidneys and liver, high blood pressure, diverticulosis, ovarian cysts, depression, high cholesterol and headaches.  Plaintiff's application was denied.  At plaintiff's request, an ALJ held a hearing on November 7, 2006.  On January 26, 2007, the ALJ issued a decision finding that plaintiff is not disabled.  The Appeals Council denied plaintiff's request for review on February 11, 2009, making the ALJ's decision the final decision of the Commissioner.  The instant action followed.

Plaintiff was 33 years old at the time of her alleged onset date of disability and is classified as a younger individual under the regulations.  20 C.F.R. §404.1563(c).  Plaintiff has an associate's degree.  Although plaintiff has past relevant work experience as a delivery driver and truck loader, she has not engaged in substantial gainful activity at any time since her alleged onset date.

AO 72
(Rev. 8/82)

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of polycystic kidney and liver disease, hypertension, dysthymic disorder, headaches, complex regional pain syndrome of the left ankle, residuals of multiple left ankle surgeries and degenerative disc disease of the L4-S1 discs, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of sedentary work with a number of limitations. Plaintiff is limited to occasional stooping, kneeling, crouching, crawling and climbing ramps and stairs, and she must avoid balancing and climbing ladders, ropes and scaffolds. In addition, she is limited to no more than frequent overhead reaching, pushing and pulling with the upper extremities and only occasional pushing and pulling with the left lower extremity. Further, plaintiff requires a sit/stand option every twenty minutes during the work day. She also must avoid exposure to cold temperature extremes and extreme dampness, and she is limited to occupations that do not require exposure to dangerous machinery and unprotected heights. Finally, plaintiff is limited to simple, routine, repetitive tasks that are not performed in a

fast-paced production environment (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a surveillance system monitor, an addresser, a laundry pricing clerk and a cashier. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§404.1501-.1598. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §404.1520(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently

engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §404.1520(a)(4).

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff argues that the ALJ erred by concluding that her impairments do not meet or equal any listing in Appendix 1. Further, plaintiff claims the ALJ's step 5 finding that she retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. The court disagrees with plaintiff's arguments.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §404.1525(a); Knepp v. Apfel, 204 F.3d 78, 85

(3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show her impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision. Burnett, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that she meets or equals a listing under the following sections: 1.00 (relating to the musculoskeletal system), 4.00 (cardiovascular system), 6.00 (genitourniary impairments), 11.00 (neurological impairments) and 12.00 (mental disorders).

Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from polycystic kidney and liver disease, hypertension, dysthymic disorder, headaches, complex regional pain syndrome of the left ankle, residuals of multiple left ankle surgeries and degenerative disc disease of the L4-S1 discs, all of which are severe impairments. However, the ALJ determined that plaintiff's impairments, even when considered in combination, do not meet or

equal any listed impairment. The ALJ's decision indicates that he considered the listings contained in sections 1.02A, 1.04, 4.03, 5.05, 11.00 and 12.04, but he found that plaintiff's conditions do not meet or equal the criteria of those listings. (R. 14). The ALJ then explained his reasoning as to why plaintiff's impairments do not meet or equal any listing. (R. 14).

The ALJ satisfied his burden; however, plaintiff failed to sustain her burden of showing that her impairments meet, or are equal to, a listing. Other than broadly asserting that she meets or equals a number of listings, plaintiff provided no explanation whatsoever as to how her medical conditions satisfy the criteria of any particular listing, nor did she identify any medical evidence that substantiates her argument. Furthermore, the court notes that no medical source of record found that plaintiff's impairments meet or equal a listing. For these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §404.1520(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at

40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because he failed to properly consider and evaluate her allegations of back, left ankle and flank pain and, as a result, he incorrectly assessed her residual functional capacity. The court finds that these arguments lack merit.

Plaintiff first claims that the ALJ erred in evaluating her subjective complaints regarding her alleged back, left ankle and flank pain. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §404.1529(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ properly analyzed plaintiff's subjective complaints, and he explained why he found plaintiff's testimony regarding her pain not entirely credible.

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of her treatment, plaintiff's own statements about

- 8 -

her symptoms and statements by her physicians about her symptoms and how they affect her. See 20 C.F.R. §404.1529(c)(1); Social Security Ruling 96-7p. The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work. 20 C.F.R. §404.1529(c)(4). The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disabling pain. Accordingly, the ALJ determined that plaintiff's testimony regarding her pain was not entirely credible. (R. 15). This court finds that the ALJ adequately explained the basis for his credibility determination in his decision, (R. 15-17), and is satisfied that such determination is supported by substantial evidence.

Plaintiff next argues that as a result of the ALJ's failure to properly consider and evaluate her allegations of back, left ankle and flank pain, he incorrectly assessed her residual functional capacity. As explained above, the ALJ properly evaluated plaintiff's subjective complaints of pain. Moreover, to the extent the ALJ found plaintiff's impairments could be expected to produce some of the symptoms she alleged, he fully accommodated the resulting functional limitations in the RFC Finding.

The RFC Finding limits plaintiff to sedentary work that involves only occasional stooping, kneeling, crouching, crawling and climbing ramps and stairs, no balancing and climbing ladders, ropes and scaffolds, no more than frequent overhead reaching,

pushing and pulling with the upper extremities and only occasional pushing and pulling with the left lower extremity. The RFC Finding also affords plaintiff a sit/stand option every twenty minutes during the work day, it precludes exposure to cold temperature extremes and extreme dampness, and it limits her to occupations that do not involve exposure to dangerous machinery and unprotected heights. Finally, the RFC Finding limits plaintiff to simple, routine, repetitive tasks that are not performed in a fast-paced production environment.

The ALJ's restrictive RFC Finding accounts for all of plaintiff's limitations that are supported by the evidence of record, including her allegations of back, left ankle and flank pain. To the extent that plaintiff experiences any such pain, the RFC Finding restricts her to sedentary work, significantly limits her postural activities and provides a sit/stand option. For these reasons, the court finds that the ALJ properly assessed plaintiff's residual functional capacity.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

AO 72
(Rev. 8/82)

- 10 -

cc: J. Kirk Kling, Esq.
    630 Pleasant Valley Boulevard
    Suite B
    Altoona, PA 16602

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901